# IN THE SUPREME COURT OF MISSISSIPPI

# NO. 2004-CT-01905

*PENELOPE ANN PAYNE*

*v.*

*MAX D. WHITTEN*

## ON MOTION FOR REHEARING
## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 06/14/2004 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GERALD W. CHATHAM, SR. |
| ATTORNEYS FOR APPELLEE: | FRANCES R. SHIELDS |
| | AMANDA B. QUAVE |
| | WILLIAM C. GRIFFIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE CIRCUIT COURT IS REINSTATED AND AFFIRMED - 02/15/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.    Motion for rehearing is denied. The original opinion is withdrawn and this opinion substituted therefor.

¶2.    This case is before us on writ of certiorari from a judgment of the Court of Appeals which reversed and remanded the trial court verdict. Penelope Ann Payne sued Max D. Whitten for injuries she received in a one-car accident in Tate County. In his answer,

Whitten raised as an affirmative defense Payne's contributory negligence. During the trial, Whitten for the first time provided testimony to support this defense. The following day, Payne's attorney requested a mistrial or other sanction, arguing Whitten's testimony violated the rules of discovery. The circuit judge denied relief. The jury returned a verdict in favor of Payne, but found her guilty of contributory negligence and assigned her thirty percent of fault. In accordance with the jury's verdict judgment was entered for Payne for $20,000. On appeal, a divided Court of Appeals reversed the judgment of the trial court and remanded the case for a new trial. *Payne v. Whitten*, No. 2004-CA-01965-COA (Miss. Ct. App. 2006). Finding that the trial court's denial of a mistrial or other relief was within its discretion, we reverse the judgment of the Court of Appeals and reinstate and affirm the judgment of the Circuit Court of Tate County.

**FACTS**

¶3.　On March 17, 2001, Max D. Whitten was driving a Chevrolet truck down Veazey-Smith Road in Tate County, Mississippi. Whitten lost control of the vehicle, and as a result, the truck went off the edge of the road and rolled approximately three times. Penelope Ann Payne was the sole passenger in Whitten's truck when the accident occurred. On December 14, 2002, Payne sued Whitten for negligence. In his answer, Whitten claimed contributory negligence stating "the Plaintiff was partially at fault in causing the accident in question and her resulting alleged damages."

¶4.　Payne propounded interrogatories which were timely answered by the defendant. The following was included in Whitten's interrogatory responses:

2

**INTERROGATORY NO. 10:** Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

**RESPONSE:** The accident happened when I was headed east on Veazey-Smith road which is a 2-lane road made of white rock and tar. As I started up a hill, I got over to the left, and then overcorrected my position in the road and went onto the right shoulder of the road which gave way causing the right front of my vehicle to drop.

¶5. During Whitten's deposition, he was not questioned about his claim of contributory negligence-only how the accident occurred. Whitten's deposition response was similar to his interrogatory response. He stated that he had gotten over too far to the left and when he tried to get back over, he overcorrected and the shoulder on the right gave way, causing him to lose control.

¶6. At trial, during cross-examination, Whitten was asked what Payne was doing immediately prior to the accident. Whitten testified that Payne had been on his side of the truck kissing him just before the accident occurred. On direct examination, Payne testified "that is absolutely 100 percent not the case. I never left my seat." Payne's attorney cross-examined Whitten extensively about his previous statements in which he had never mentioned that Payne was kissing him. The following day, Payne's attorney requested a mistrial or sanctions, arguing that Whitten's statements prejudiced his client due to his surprise revelation of a cause of the accident in light of his evasive or incomplete answers to interrogatory and deposition questions. Whitten argued that Payne's attorney failed during discovery to ask questions regarding Payne's actions prior to the accident. The circuit court judge denied Payne's motion for a mistrial or sanctions stating,

3

I see it as a credibility question and not a very severe one at that. This is not unusual. I have tried lots of cases, and I have never seen cases doing the exact script. There's going to be variations in testimony, and that's all I see this is here. I think, Mr. Chatham, you impeached him with his interrogatory yesterday, you got it into evidence; and with the deposition testimony, certainly I don't see anything here that would warrant the Court to consider a mistrial or sanctions.

The jury found Whitten to be 70% liable and Payne 30% contributorily negligent. Damages were assessed at $20,000. The Court of Appeals reversed and remanded for a new trial.

## ISSUES

1. Whether the Circuit Court Committed Error in Denying Payne's Motion for Mistrial or Sanctions, and in Rejecting Payne's Argument That Certain Testimony on the Part of Defendant Constituted a Discovery Violation Which Prejudiced the Plaintiff.

2. Whether the Error, If Any, Was Caused by Plaintiff's Own Counsel in That the Testimony Was Elicited During the Plaintiff's Questioning of Whitten.

Because the resolution of Issue I controls the outcome of the case, it is unnecessary to address Issue II.

## STANDARD OF REVIEW

¶7. The standard for review of evidentiary matters is abuse of discretion. *Floyd v. City of Crystal Springs*, 749 So. 2d 110,113 (Miss. 1999).

## DISCUSSION

**I. Whether the Circuit Court Committed Error in Denying Payne's Motion for Mistrial or Sanctions, and in Rejecting Payne's Argument That Certain Testimony on the Part of the Defendant Constituted a Discovery Violation Which Prejudiced the Plaintiff.**

¶8. Payne argued that Whitten's trial testimony caused total and complete prejudice due to his surprise revelation of a cause of the accident in light of his evasive or incomplete

4

answers to interrogatory and deposition questions. Whitten argued that his testimony remained consistent throughout the litigation. Whitten argued that despite his notifying opposing counsel in his complaint of a contributory negligence defense, trial was the first time he was asked about Payne's actions leading up to the accident. The trial judge found that neither a mistrial nor sanctions were warranted. He found that the discovery responses were incomplete but not untruthful or unusual.

¶9.     Payne sought relief under Mississippi Rule of Civil Procedure 37(e). The rule allows sanctions for discovery violations "as may be just" in response to abuses in "seeking, making or resisting discovery." It is only in extreme circumstances that a trial court should dismiss a suit for failure to comply with discovery requirements. *Pierce v. Heritage Props., Inc.*, 688 So.2d 1385, 1388 (Miss. 1997). Payne's reliance on Rule 37(e) for relief is misplaced. This issue is properly resolved as an evidentiary issue under Mississippi Rule of Evidence 607, which governs the impeachment of testimony.

¶10.    Whitten notified Payne of a contributory negligence defense in his Answer to the Complaint by way of two separate affirmative defenses. Whitten clearly identified Payne as a contributing cause of the accident when he stated: "The Plaintiff was partially at fault in causing the accident in question and her resulting alleged damages." Payne did question Whitten about contributory negligence defense by way of Interrogatory No. 10. Interrogatory No. 10 asked first, how the accident occurred and second, the basis of any claim of a contributing cause, clearly violating Miss. R. of Civ. P. 33(a), which restricts interrogatories to a single question.

¶11.    Whitten's response to Interrogatory No. 10 addressed the first question "how the accident occurred" but failed to address any basis for his contributory negligence defense. Payne did not pursue Whitten's contributory negligence defense beyond this interrogatory. Payne took a discovery deposition of Whitten. Yet, at his deposition, Whitten was never asked about contributory negligence.

¶12.    We find no prejudice to Payne. Whitten was cross-examined extensively about his previous statements in which he had never mentioned that Payne was kissing him. Payne took advantage of the opportunity to impeach Whitten, who was cross-examined extensively about his previous statements in which he had never mentioned that Payne was kissing him. Payne was still available to testify as to whether or not she had not been kissing Whitten at the time of the accident. In her direct testimony, Payne disputed Whitten's kissing allegation. Further, Whitten's attorney never questioned Payne about the kissing episode during her cross examination of Payne. Payne was allowed to recall the officer from the scene to impeach Whitten's testimony concerning the kissing episode. Officer Hissong testified that "Mr. Whitten stated to me that he looked over and talked to Ms. Payne, and when he looked back up, his truck was running off the road and then it started flipping after it ran off the road." Officer Hissong further testified that Whitten never mentioned the kissing episode at the scene. Additionally, the trial court gave a jury instruction concerning prior inconsistent statements in response to Whitten's testimony regarding the kissing allegation, which he never mentioned until trial. Further, Payne's attorney disputed the kissing allegation at much length during his closing argument.

¶13.    For these reasons, we find that the trial court acted within its discretion in denying

Payne's Motion for Mistrial or Sanctions.

## CONCLUSION

¶14.    This Court finds that the trial judge did not abuse his discretion by denying Payne a

mistrial or other relief for Whitten's discovery violations.  For the reasons stated, we reverse

the Court of Appeals' judgment and reinstate and affirm the judgment of the Circuit Court

of Tate County.

¶15.    **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED, AND THE JUDGMENT OF THE CIRCUIT COURT IS REINSTATED AND AFFIRMED.**

   **WALLER, P.J., DIAZ, EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., AND GRAVES, J., NOT PARTICIPATING.**