¶ 36. I believe no error was committed by the chancellor in denying sanctions against Nevada because (1) the parties stipulated that all adversarial grounds for divorce and all contests or denials were "withdrawn;" and (2) the imposition of sanctions is an issue properly Teft for the chancellor to determine. *Page 716 
 ¶ 37. A stormy and tumultuous marriage made its way into an equally stormy and tumultuous divorce action between Nevada and Richard. There was ample proof of fights, misconduct, and bad deeds on both sides, causing the chancellor to find that "neither party made substantial contributions to the stability and harmony of the marital relationship."
 ¶ 38. However, the course of litigation, though still contentious, became limited to financial issues by agreed order entered August 10, 2005, granting the divorce on irreconcilable differences grounds and limiting the issues on which the parties cannot agree to the following:
 a. Property rights between parties;
 b. Alimony;
 c. Equitable distribution;
 d. Valuation of assets;
 e. Determination of and equitable distribution of all debts of the marriage;
 f. Distribution of the real and personal property of the marriage;
 g. Resolution of issues pertaining to income tax deductions, sharing of income tax refunds or liability, etc.
 h. Determination of assessment of court costs, expert fees, and attorney's fees;
 i. Determination as to what, if any, marital waste has taken place and assessment for such waste;
 j. Legal interest on and judgments rendered by the Court;
 k. Any and all financial issues.
 ¶ 39. Not only does the order restrict issues before the chancellor to financial issues but it specifically states that all adversarial grounds for divorce and all contests or denials are "withdrawn." No issue of sanctions for Nevada's conduct in committing perjury or in destroying her computer was raised by Richard at the time of this order.
 ¶ 40. This order was rendered pursuant to Mississippi Code Annotated Section 93-5-2(3) (Rev. 2004) which provides that "[a]ppeals from any orders and judgments rendered pursuant tothis subsection may be had as in other cases in chancery court only insofar as such orders and judgmentsrelate to issues that the parties consented to have decided bythe court." Miss. Code Ann. § 93-5-2(3) (Rev. 2004) (emphasis added). See Singley v. Singley,846 So.2d 1004, 1013 (Miss. 2002) (the court cannot try matters outside the pleadings absent agreement by the parties).
 ¶ 41. Two months later, on October 24, 2005, Richard filed a motion for sanctions related to alleged perjury made by Nevada during a deposition on March 8, 2005.[3] This was followed by a second motion for sanctions on October 31 for Nevada's actions in destroying her personal computer, which contained a "Dear John" letter, after the above-referenced deposition.[4] Each of these motions could be related only to issues of fault rendered moot by the August 10 order.
 ¶ 42. Neither of the objects of these motions was listed as an issue in the agreed order. The chancellor did address allegations made in the motions but did so as a part of his analysis of the Ferguson factors, noting and taking into consideration that Nevada did not have clean hands in the court proceedings and that *Page 717 
neither had contributed to a harmonious marriage.Ferguson v. Ferguson, 639 So.2d 921 (Miss. 1994). While Nevada admittedly had committed perjury during her deposition and had destroyed her computer, she also filed a motion for sanctions against Richard, alleging that he too committed perjury.
 ¶ 43. This Court should not second-guess the decision of the chancellor denying sanctions in a highly charged and contentious proceeding such as this one. In Brown v.State, this Court declined to inquire behind the circuit judge's decision not to impose sanctions against the prosecutor for actions which took place before the judge. Brown,986 So.2d 270, 279 (Miss. 2008). "The decision to impose sanctions for discovery abuse is vested in the trial court's discretion." Pierce v. Heritage Props.,688 So.2d 1385, 1388 (Miss. 1997) (quoting White v. White,509 So.2d 205, 207 (Miss. 1987)); see also Tinnon v.Martin, 716 So.2d 604, 611 (Miss. 1998).
 ¶ 44. Because I believe the chancellor's actions in refusing to award sanctions against Nevada was discretionary, I respectfully concur in part and dissent in part.
GRAVES, J., JOINS THIS OPINION.
[3] The first motion for sanctions was based on Richard's allegation that Nevada had committed perjury regarding her relationships with other men during their marriage.
[4] Richard's request in the second motion for an order "presuming that the `Dear John' letter at issues was written by Nevada in its entirety" is without merit, as Nevada stipulated and agreed that she was the author of the letter.