IRVING, P.J.,
dissenting:
¶ 17. Because I disagree with both the circuit court and the majority that dismissal of Agnes and Charles’s complaint was the appropriate sanction for the discovery violation committed, I dissent. I would reverse and remand for a less drastic sanction.
¶ 18. The majority properly quotes the applicable law but, in my opinion, fails to apply it in its review of the judgment of the circuit court. As stated by the majority,
dismissal is authorized only when the failure to comply with the court’s order results from willfulness or bad faith, and not from the inability to comply. Dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party’s preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party’s simple negligence is grounded in confusion or sincere misunderstanding of the court’s orders.
Maj. Op. at (¶ 10).
¶ 19. It should first be noted that Agnes brought her action against Stirling and Malone as third parties to her workers’ compensation claim. When Agnes sued Stirling and Malone, her injuries had been established, and the doctors who had treated her for those injuries had been identified in the medical records submitted in her workers’ compensation case. Also, all medications that Agnes was taking at the time that she fell were identified in her workers’ compensation medical records.
¶ 20. During discovery, Stirling and Malone submitted interrogatories to Agnes seeking the identity of all doctors who had treated her and the names of all medi *1240 cations that she was taking at the time of her fall. Additionally, they asked her to identify and describe in detail any and all physical and medical problems or conditions of any nature which she had prior to the incident in question. Agnes failed to disclose a medication[1] that she was taking at the time of her fall and the identity of a doctor[2] who had treated her for the work-related injury. Stirling and Malone had Agnes’s workers’ compensation medical records and had had them for a long time prior to seeking a dismissal of her lawsuit against them. The workers’ compensation records contained all of the information that Stirling and Malone had sought during discovery. Notwithstanding this fact, the circuit court dismissed Agnes’s lawsuit because she failed to disclose, during discovery, the identity of all doctors and medical records that were contained or identified in her workers’ compensation file.
¶ 21. I should also point out that not one time did Stirling and Malone allege that their preparation for trial had been prejudiced. Indeed, they could not because they already had the information that they were seeking from Agnes. That is not to say, however, that Agnes did not have an obligation to disclose it in her answers to their interrogatories. She did, but Stirling and Malone suffered no prejudice from her failure to disclose.
¶ 22. In dismissing Agnes’s lawsuit, the circuit court stated that “the substance of [the dismissal] order focuses not on mere failure to answer discovery resulting in an order and then disobeyance [sic] of that order but rather on [the] plaintiffs deliberate attempts to hide information by willfully being untruthful.” The circuit court’s order also stated that “[the] plaintiff has willfully failed to disclose matters pertinent to this suit, and thus [the court] finds this case should be dismissed.” A perusal of the circuit court’s order does not indicate any matters other than the failure to disclose the doctor and medication that I have already mentioned.
¶ 23. In opposition to Stirling’s and Malone’s motions for summary judgment, Agnes submitted an affidavit, apparently explaining her reasons for not disclosing information regarding the pain that she had suffered in her shoulders:
In 2008, prior to the fall which is the subject of the complaint, I was treated for pain and inflammation in my shoulders. At the time, I was taking Crestor, a cholesterol lowering medication.
Once I stopped taking Crestor, the pain and inflammation in my shoulders ceased. Earlier, I had a similar problem while taking Lipitor, another cholesterol lowering medication. At the time I signed the interrogatory responses, I did not recall the shoulder pain or treatment.
Prior to my fall, I had never received any traumatic injury to my shoulders that necessitated medical treatment.
Also, it is particularly noteworthy that during the discovery process, Agnes had signed and tendered a medical release to Stirling and Malone, enabling them to obtain any medical records that they wished to have, which is how they were able to detect the omission of information in the records that she provided to them during discovery.
¶ 24. Because our law is so well settled that a circuit court has the authority and discretion to dismiss a plaintiffs lawsuit for willful deception and withholding vital and relevant medical information, I forgo a discussion of the authorities so holding. However, on the facts of this case, I believe the circuit court abused its discretion *1241 in deciding that the appropriate sanction was dismissal. Further, I find that Agnes’s tendering of the medical release to Stirling and Malone precludes a finding that her actions — in failing to disclose the identity of a doctor who had treated her, the name of a medication that she was taking at the time of her fall, and prior medications and problems that she had suffered — were willful. As stated, using the medical release provided to them by Agnes, Stirling and Malone obtained the information that they claim Agnes willfully refused to provide in discovery.
¶ 25. As stated, I believe that the circuit court abused its discretion in dismissing Agnes’s lawsuit for two reasons. First, the evidence does not support a finding that Agnes was dishonest in her responses to Stirling’s and Malone’s interrogatories. The alleged dishonesty was the failure of Agnes to disclose information regarding a “history of shoulder problems” prior to her August 25, 2008 fall. As shown by her affidavit, she had no such problems, although she had had some pain and inflamation in her shoulders while taking cholesterol-lowering drugs. Clearly, it is reasonable for her to have viewed the pain and inflamation that she suffered in her shoulders as a side effect of the medication and not as a medical condition, because the pain and inflamation ceased when she ceased taking the medication. It is also reasonable that she may have been confused about Stirling’s and Malone’s use of the phrase “physical and medical problems and conditions” since in the same interrogatory, they sought information regarding “the nature of such treatment for the medical problems or conditions.” Apparently, Agnes was never treated for the pain and inflamation in her shoulders. Therefore, it is a plausible explanation that Agnes answered truthfully based upon her interpretation of the interrogatory. The Mississippi Supreme Court has held that “where the discovery violation at issue is less extreme and open to potential truthful interpretations, [it] will not hesitate to reverse a trial court’s Rule 37 dismissal.” Kinzie v. Belk Dep’t Stores, L.P., 164 So.3d 974 (¶ 9) (Miss.2015). In any event, her failure to disclose the information regarding the pain and inflamation in her shoulders was nothing more than simple negligence.
¶ 26. Second, Stirling and Malone do not claim a prejudicial effect on their trial preparation. Indeed, even if such a claim were made, the evidence would not support it, because, as stated, they had timely access to all of the information that they claim Agnes willfully refused to tender during discovery. I readily admit that Agnes had a duty to disclose the information, but dismissals should not be based on technical violations of discovery that cause no serious prejudice, as the Mississippi Supreme Court “has made it clear that a ‘trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances.’ ” Id. at (¶ 5)(emphasis in original) (quoting Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997)). Surely, the facts here do not constitute extreme circumstances. Awarding a monetary sanction to Stirling and Malone for having to obtain the information from Agnes’s workers’ compensation file would have been more than sufficient. Further, I cannot imagine that Stirling and Malone would not have subpoenaed Agnes’s workers’ compensation file even if the information had been disclosed by Agnes. Failing to to do so would not have been good lawyering. Therefore, for the reasons presented, I dissent.
GRIFFIS, P.J., AND JAMES, J, JOIN THIS OPINION.

. The drag was identified as Lexapro.

. The doctor was identified as Massie H. Headley.