*1288 KING, Justice,
dissenting:
¶ 28. Because a trial court’s order' imposing sanctions is reviewed for abuse of discretion, and because dismissal of an action is reserved for thé most extreme circumstances, I believe that the trial judge did not abuse her discretion in issuing monetary sanctions. ’ Further, I believe that the majority’s holding to dismiss McLain’s ease without remanding to the trial court for reconsideration of greater sanctions would require this Court to adopt a per se rule of dismissal in cases involving perjury.[4] Accordingly, I dissent.
¶29. This Court will affirm a trial court’s imposition of sanctions unless there is a “definite and firm conviction that the court below committed a , clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997). It is the Court’s duty to decide whether the district court abused its discretion in dismissing the action, not whether.it would have dismissed the- action as an original matter. Id. (citing National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780-81, 49 L.Ed.2d 747 (1976)). Dismissal of an action should be rare and only when a party’s conduct is so egregious that no other sanction will meet the demands of justice. Wood ex rel. Wood v. Biloxi Pub. Sch. Dist., 757 So.2d 190, 195 (Miss.2000).
¶ 30. “If the trial court applies the ‘correct legal standard,’ we must affirm the decision, regardless of what any one of us individually might have ruled had we been the judge, unless there .is a ‘definite and firm conviction that the court below committed clear error.’ ” Ashmore v. Mississippi Auth. on Educ. Television, 148 So.3d 977, 982 (Miss.2014) (citations Omitted). “Sound discretion imports a decision by reference to legally valid standards.” Id. at 983. In Ashmore, the majority held that the trial judge unquestionably used the correct standard of review because he merely referred, without analysis, to Pierce and Scoggins. Yet today, this same majority gives no deference to the trial court’s decision despite her use of the correct legal standard and her clear grasp of the situation at hand. While the trial judge may not -have recited the magic words, her analysis in this case is no more or less lacking'than that of the trial judge in Ashmore, and is deserving - of no less and no more respect than this Court accorded to the trial judge in Ashmore. When imposing sanctions, the trial court stated, “[t]he Court opines that sanctions in the amount of ten thousand dollars ($10,000) is appropriate and reasonable. The Court is duty bound to impose such deterrent sanctions.... ” The trial judge additionally stated that she was appalled, and that every member of the bar should be appalled as well. The trial judge then repeatedly stated that the legal system was “better than that,” and that the court “should send a message, to everyone in Hinds County, in this state and nation that [the trial judge] would not tolerate it.” After thoroughly discussing the severity of the plaintiffs conduct, the trial judge sanctioned the plaintiff in the amount of $10,000. “The provisions for imposing *1289 sanctions are designed to give [trial] courtfs] great latitude.” Jones v. Jones, 995 So.2d 706, 711(Miss.2008) (quoting Amiker v. Drugs for Less, Inc., 796 So.2d 942, 948 (Miss.2000)). Thus, the record in this case clearly shows that the trial court considered the seriousness of the plaintiffs conduct and determined that a monetary sanction would sufficiently deter similar behavior.
¶ 31. The majority states that the trial judge failed to consider that McLain committed perjury himself. I believe the record reflects that the trial judge was fully aware of McLain’s perjury. As the majority states, “a court cannot find one without finding the other.” Illinois Central did not to object to the trial court’s order until two weeks after the imposition of sanctions. Further, had the trial judge merely failed to consider McLain’s perjury, her oversight easily could have been corrected in the two additional motions Illinois Central brought after the imposition of sanctions, arguing this exact claim. McLain stated in his deposition and trial testimony that the heaviest thing he was required to lift at Right of Way was a flag. McLain also asked Coker to refrain from mentioning that he lifted derails at Right of Way Consulting. McLain’s solicitation of Coker and his perjury were attempts to cover up the fact that McLain lifted derails after his employment at Illinois Central. McLain readily admitted in front of the jury that he had attempted to influence Coker and that he was required to lift something heavier than a flag after he left Illinois Central. Because these acts were intertwined and inseparable, the $10,000 sanction imposed on McLain encompassed both McLain’s perjury and his solicitation of Coker.
¶ 82. Dismissal is appropriate only when no lesser sanctions will suffice. This Court, in Pierce, emphásized its reluctance to dismiss a cause of action and, consequently, to deprive a plaintiff of her day in court. Pierce, 688 So.2d 1385. “[T]he trial court should dismiss a cause of action for failure to comply with discovery only under, the most extreme circumstances.” Id. at 1388 (citations omitted). “We hasten to reiterate our reluctance to uphold the sanction of dismissal (the “death penalty”).” Id. at 1391.
¶33. Pierce gave us four factors, to consider when analyzing whether dismissal was appropriate. Admittedly, the first factor in Pierce leans towards dismissal, in that McLain’s conduct resulted from willfulness and bad faith. Under the second factor, however, dismissal is proper only when less drastic sanctions will not suffice. In reasoning that the imposed monetary sanctions were insufficient, the majority states that the sanctions totaled less than seven percent of the overall verdict; however, monetary sanctions should not be based on the amount of the jury verdict. If sanctions were based on the amount of the jury verdict, seven percent of a $1,000,000 verdict would merit a $70,000 sanction. This would be a considerable sanction to any reasonable mind. The trial judge ordered McLain' to pay the $10,500 sanctions personally, without payment, advance, or loan from his attorneys or others. Thus, monetary sanctions in this amount to be paid personally and without help certainly would deter others from similar conduct and uphold the integrity of judicial proceedings.
¶ 34. Factor three in Pierce looks at whether the defendant suffered substantial prejudice as a result of the discovery violation. Coker promptly disclosed to Illinois Central that McLain had requested he stay silent about the derails. Illinois Central was able to*.ask McLain about his perjury .and solicitation in front of the jury. Substantial prejudice is not required *1290 for dismissal, but this third factor again does not favor dismissal of the action. Lastly, the neglect here was attributable to McLain and not his attorney. Thus, analysis of the Pierce factors does not lead to the conclusion that dismissal was so overwhelmingly warranted that we must hold that the trial judge abused her discretion and must dismiss the action ourselves.
¶ 35. As this Court has stated before, “[dismissal for discovery violations is a “draconian” remedy or a “remedy of last resort,” only to be applied in extreme circumstances.” White v. White, 509 So.2d 205, 209 (Miss.1987). The trial court’s duty is to “impose the least severe sanction available that will accomplish the purpose for which the sanction is imposed.” Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 993 (Miss.1999). The plaintiff in Pierce repeatedly lied throughout discovery, including in interrogatories and depositions, and through an entire trial, successfully concealing the fact that she was not alone in her apartment the night that her ceiling fan fell and caused her injuries. Two weeks after the trial, the defendants first learned of her numerous perjuries. Yet, this Court did not impose additional monetary sanctions for her litany of lies and simply, affirmed the trial court’s dismissal of her cause of action. Likewise, in Jones, the plaintiff attempted to conceal an extramarital affair and admittedly destroyed relevant evidence to further that goal. This Court was not so aggrieved at her conduct that it ordered monetary sanctions and the dismissal of her case. Instead, this Court found that the trial judge wholly failed to consider sanctions and remanded the issue for reconsideration. Even in Ashmore, where this Court held that the plaintiffs’ “pattern of ‘willful misrepresentations’ spanned more than two years, causing the Mississippi Defendants ‘major inconvenience in time, attorney fees and general frustration,”’ this Court did not impose monetary sanctions in addition to dismissal.
¶36. For McLain’s failed attempt to cover up the fact that he lifted derails at Right of Way, the majority holds that he should be sanctioned $10,000, to be paid without help, and that his case additionally should be dismissed. . The majority’s holding would effectively strip away McLain’s judgment in his favor and leave McLain with no compensation for his back injury, which the jury found was caused by McLain’s thirty-two-year employment at Illinois Central, plus add a sizeable $10,500 sanction to be paid personally, without help.[5] McLain will also be required to pay the cost of the.trial, as well as the cost of the appeal. This dramatic result fits the quintessential definition of draconian. While this Court, sitting in the position of the trial judge, might have dismissed the original action due to McLain’s conduct, this is not the correct standard to employ.[6] *1291 I believe that lesser sanctions than dismissal accomplished the purpose for which the sanctions were imposed, and that the trial judge did not abuse her discretion in finding that monetary sanctions sufficiently punished McLain and deterred others from like conduct.
¶ 37. Moreover, should this Court find that the sanctions issued by the trial court were insufficient, I believe the correct procedure is to remand to the trial court to consider the imposition of greater sanctions. As the majority states, when we determine a trial judge committed error in imposing sanctions, we generally remand to the trial judge to reconsider. The Court of Appeals correctly stated that “[w]e recognize the chancellor possesses sole discretion as to whether sanctions should be imposed for discovery violations, and we employ an abuse-of-discretion standard of review when considering a chancellor’s order of sanctions.” Williamson v. Williamson, 81 So.3d 262, 276 (Miss.Ct.App.2012). This Court does not routinely dismiss actions after determining the trial court abused its discretion in issuing lesser sanctions. To stray from this trend would require this Court to adopt a per se rule of dismissal in cases involving perjury.
¶ 38. The Pierce majority stated that “such action by any party should not and will not be tolerated.” Pierce, 688 So.2d at 1392. McLain’s actions also should not and will not be tolerated. And McLain’s actions clearly were not tolerated by the trial judge’s imposition of severe monetary sanctions. But dismissal along with these sanctions goes beyond intolerance and skirts the line of injustice.
¶ 39. This Court’s role in looking at the trial court’s imposition of sanctions is to “consider whether the decision was one of several reasonable ones which could have been made.” Ashmore, 148 So.3d at 985. I cannot hold that it was an abuse of discretion to issue monetary sanctions and, additionally, cannot agree to dismiss this case instead of remanding to. the trial court for- reconsideration. Should this Court decide that the monetary sanctions imposed were insufficient, I believe the appropriate remedy is to remand to the trial court for reconsideration of greater sanctions. The majority concludes its decision by alleging “special circumstances” in this case. It alleges those “special circumstances” to be “numerous egregious acts” committed by McLain. The record before this Court does not support the majority’s allegation of “numerous egregious acts.” What the record reflects is that McLain, contrary to the trial court’s order, exchanged pleasantries with a juror, for which the trial court fined him $500. The record reflects that McLain committed perjury himself and asked a witness to commit perjury in support of McLain’s perjury. While this is highly inappropriate conduct, it does not qualify for the label “numerous.” This Court should not subvert the trial court’s discretion by dismissing the case for perjury based on its own findings. Therefore, I dissent and would affirm the trial court’s decision to impose monetary sanctions.
KITCHENS, J., JOINS THIS OPINION.

. In fact, a’ per se rule of dismissal in cases involving perjury would havé a profound effect on the judicial system. As Professor Alan M. Dershowitz stated while testifying before the House of Representatives Judiciary Committee, "[I] believe that no felony is committed more frequently in this country than the genre of perjury and false statements. Perjury during civil depositions and trials is so endemic that a respected appellate judge once observed that ‘experienced lawyers say that, in large cities, scarcely a trial occurs in which some witness does not lie.’ ” Testimony of Alan M. Dershowitz, House of Representatives Judiciary Committee (Dec. 1, 1998).

. In addition, McLain was thoroughly cross-examined about his perjury and solicitation of Coker, and the jury presumably took this into consideration in rendering the verdict. McLain’s attorney asked the jury to compensate McLain in the amount of $250,000 to $300,000 and the jury instead found in the amount of $150,000.

. The correct standard is instead abuse of discretion. See Schmidt v. Bermudez, 5 So.3d 1064, 1065 (Miss.2009) ("As appellate judges, we perform our duties far from the smoke and fire of the courtroom battles faced daily by trial judges. Thus, we owe substantial discretion to their decisions, particularly when they encounter difficult attorneys and witnesses.”); Mississippi Farm Bureau Mut. Ins. Co. v. Parker, 921 So.2d 260, 265 (Miss.2005) ("Our trial judges are likewise in a much better position to decide which parties and/or lawyers need to be sanctioned for their behavior, and our trial judges should unhesitatingly exercise this inherent power and authority.”); James W. Sessums Timber Co. v. McDaniel, 635 So.2d 875, 882 (Miss.1994) *1291 ("While an attorney making a closing argument may not make remarks which are unfairly calculated to arouse passion or prejudice, and while we do not condone appeals to sectional prejudices of the jury, the control of such argument is left largely to the discretion of the trial judge, who is in a much better position to observe and determine what is improper.”); Ladner v. Ladner, 436 So.2d 1366, 1371 (Miss.1983) (“[Sjanctions are not to be imposed per se for every discovery violation, and a determination of whether to impose such a sanction is ordinarily vested in the sound discretion of the trial judge.”).