*1292 WALLER, Chief Justice,
concurring in part and dissenting in part:
¶ 40. I agree with the majority opinion with the exception of the disposition. Significant to my opinion, I agree that a sanction of $10,000, in light of the $150,000 jury verdict, was inadequate to have any deterrent effect on similar future behavior, and therefore constituted an abuse of discretion. See Jones v. Jones, 995 So.2d 706, 712 (Miss.2008). I also agree the trial court judge abused her discretion by failing to award sanctions for McLain’s perjury. Id. (providing perjury “must not go unpunished”).
¶ 41. I would find, however, that under these circumstance, these issues should be remanded to the trial court for a determination of an appropriate sanction, including dismissal. This Court has repeatedly held that sanctions are squarely within the discretion of the trial judge, and that the trial judge should be afforded great latitude. See, e.g., Ashmore v. Miss. Auth. on Educ. Television, 148 So.3d 977, 981 (Miss.2014), (citing Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997)). Moreover, dismissal is appropriate only where no lesser sanction would suffice. Pierce, 688 So.2d at 1389-90. Because I find that a less drastic sanction potentially may suffice to deter similar future behavior, I would remand this case to the trial court to make such a determination, and to impose appropriate sanctions, including dismissal if the trial court judge determined it was the only sufficient sanction.
CHANDLER, J., JOINS THIS OPINION.