*1270
 
 MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. The Grenada County Circuit Court found Lisa Chambers willfully and in bad faith concealed her pre-accident medical treatment for the same injuries she alleged were caused by Robert Brown’s negligence. The sole issue before us is whether the circuit judge abused his discretion when he dismissed Chambers’s personal-injury suit after finding she provided false deposition testimony concerning her prior medical conditions and treatment. Though dismissal for failure to comply with discovery is reserved for the most extreme circumstances, we find the circuit judge did not err in reasoning that no lesser sanction would achieve the same deterrent value.
 

 ¶2. Finding no abuse of discretion, we affirm the dismissal with prejudice.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. Chambers and Tasha Nobles sued Brown for injuries caused when his vehicle collided into theirs on January 10, 2006. Brown stipulated to liability. The sole triable issue was the extent of the plaintiffs’ damages. Although both plaintiffs claimed they suffered pain caused by the wreck, Chambers testified she began experiencing debilitating neck pain and headaches after the wreck.
 

 ¶ 4. After discovery was completed, the circuit judge set trial for July 28, 2009. By agreement of the parties, the trial was continued. It was later re-set for December 1, 2009, but then again continued by the circuit judge. Soon after December 1, Brown discovered other relevant medical information that Chambers had not provided in discovery.
 

 ¶ 5. Through these additional medical records, Brown learned Chambers had been treated for headaches and neck pain in 2004 at Ballard Chiropractic Clinic in Grenada, Mississippi. Upon intake, Chambers complained her headaches and neck pain were “often” and “constant.” In January 2005, one year prior to the wreck, Dr. Keith Stanford referred Chambers to Grenada Lake Medical Center for an MRI of her spine due to her complaints of “neck and back pain.” The hospital performed the MRI on January 25, 2005. Then, in October 2005, just three months before the accident, Chambers returned to Ballard Chiropractic for treatment for neck pain and constant headaches.
 

 ¶ 6. On February 16, 2010, Brown moved to dismiss Chambers from the lawsuit under Rule 37, citing discovery violations.
 
 See
 
 M.R.C.P. 37(e). He pointed to Chambers’s sworn deposition testimony from September 2006. During her deposition, Chambers testified she had not suffered any headaches until after the accident. She also claimed she had neither received treatment for nor complained of headaches and neck or back pain to any physicians within ten years prior to her deposition. The relevant portions of her deposition illustrate her denials:
 

 Q: After the accident here that happened on January 10th of this year, what were your immediate problems, physical problems that you had?
 

 A. I had none. I didn’t have any.
 

 By [her attorney]: He asked you about after your accident what problems.
 

 [Chambers]: He said prior to it, didn’t he?
 

 [Her attorney]: Oh, did he? I assume he meant—
 

 A: —before the accident is that what you are talking about?
 

 [[Image here]]
 

 Q: ... As far as had [sic] you ever had problems with headaches prior to this?
 

 A: No, sir.
 

 
 *1271
 
 [[Image here]]
 

 Q: Did you have any migraines or sought treatment for migraine headaches prior to this?
 

 A: No.
 

 Q: Other than the nurse practitioner ... have you seen any other doctors?
 

 A: No, sir.
 

 By [her attorney]: He’s asking about have you ever seen any other doctor in your lifetime I guess.
 

 Q: No. Let’s refrain it to the last ten years other than the nurse practitioner....
 

 A: No because I’ve never really been sick to have to seen one unless I had a cold or something.
 

 By [her attorney]: Lisa, he could be asking you also about like an OB doctor, lady doctor, I don’t know if he’s asking you that.
 

 Q: No, I don’t want to know your OB, certainly not but just in general for sickness or any type of headache problems or neck problems, back problems, anything of that nature?
 

 A: No.
 

 ¶ 7. In seeking sanctions, Brown also cited Chambers’s response to Interrogatory 14. This particular question requested she disclose any illness, injury, or disability she had suffered within the last ten years. It also asked that she identify health-care providers who had treated her in the past ten years. Her attorney had previously objected claiming the interrogatory sought information beyond the scope of Rule 26.
 
 See
 
 M.R.C.P. 26. No answer was ever given, and Brown’s attorney did not move to compel a response.
 

 ¶ 8. Chambers’s counsel responded by acknowledging her deposition testimony was false. He informed the circuit court that Chambers recalled going to Ballard Chiropractic for headaches and neck pain. Chambers justified not disclosing her pre-accident chiropractic treatment because she found it unimportant since her previous pain was minor and had been resolved. Yet Chambers gave no explanation for omitting both Dr. Stanford’s treatment and the MRI she underwent at the hospital.
 

 ¶ 9. The circuit judge deemed Chambers’s explanation insufficient and lacking in credibility. He found it “highly unlikely that one who was suffering headaches as a result of an accident would not remember having sought treatment for similar conditions from medical providers within eighteen months of the accident especially when one of the occasions resulted in a MRI.” The circuit judge granted Brown’s motion and dismissed Chambers’s action with prejudice.
 
 [1]
 
 This sanction was based on his finding that Chambers had testified falsely during her deposition.
 
 [2]
 

 ¶ 10. The circuit court further granted Brown a Rule 54(b) final judgment.
 
 See
 
 M.R.C.P. 54(b) (requiring certification to finalize a judgment against less than all plaintiffs in a multi-plaintiff lawsuit). Chambers timely appealed.
 

 LAW AND DISCUSSION
 

 I. The Standard of Review
 

 ¶ 11. Rule 87(e) provides the court great latitude in imposing sanctions for discovery abuse. M.R.C.P. 37(e);
 
 Pierce v. Heritage Props., Inc.,
 
 688 So.2d 1385, 1388 (Miss.1997) (citing
 
 White v. White,
 
 509 So.2d 205, 207 (Miss.1987)). “The power to dismiss is inherent in any court of law or equity, being a means necessary
 
 *1272
 
 to orderly expedition of justice and the court’s control of its own docket.”
 
 Id.
 
 at 1388. But dismissing a cause of action for failure to comply with discovery is only justified “under the most extreme circumstances.”
 
 Id.
 
 (citing
 
 Hapgood v. Biloxi Reg’l Med. Ctr.,
 
 540 So.2d 630, 634 (Miss.1989);
 
 White,
 
 509 So.2d at 209).
 

 II. The Legal Standard for Dismissals for Discovery Violations
 

 ¶ 12. Rule 37 grants the trial court broad authority to “impose upon any party or counsel such sanctions as may be just[J” M.R.C.P. 37(e). But the Mississippi Supreme Court has established factors courts must evaluate when considering dismissal as punishment.
 
 See Pierce,
 
 688 So.2d at 1389.
 

 ¶ 13. In
 
 Pierce,
 
 a circuit judge dismissed a personal injury action with prejudice after learning the plaintiff had been lying under oath.
 
 Id.
 
 at 1388. This discovery occurred after the verdict in the first trial had been set aside but before the second trial.
 
 Id.
 
 at 1387. Pierce maintained in her deposition, and then on the stand in her first trial, that she was the only person present when a ceiling fan fell on her bed injuring her.
 
 Id.
 
 She failed to disclose that another witness was with her at the time..
 
 Id.
 
 at 1388. She later admitted she had concealed the other person’s presence because she feared her family learning she had a male companion in her bedroom.
 
 Id.
 

 ¶ 14. In reviewing the sanction-based dismissal in
 
 Pierce,
 
 the Mississippi Supreme Court considered the almost identical Federal Rule of Civil Procedure 37. It adopted the Fifth Circuit Court of Appeals’ factors for determining whether a trial court abused its discretion when dismissing a case with prejudice.
 
 Id.
 
 at 1389. This inquiry focuses on four considerations:
 

 [1] First, dismissal is authorized only when the failure to comply with the court’s order results from wilfulness or bad faith, and not from the inability to comply. [2] Dismissal is proper only in situation where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. [3] Another consideration is whether the other party’s preparation for trial was substantially prejudiced. [4] Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party’s simple negligence is grounded in confusion or sincere misunderstanding of the court’s orders.
 

 Id.
 
 (quoting
 
 Batson v. Neal Spelce Assocs., Inc.,
 
 765 F.2d 511, 514 (5th Cir.1985)).
 

 ¶ 15. Deciding whether lesser sanctions were appropriate, the
 
 Pierce
 
 court emphasized that “other sanctions considered by the court would not achieve the deterrent value of the dismissal.”
 
 Id.
 
 at 1391.
 

 ¶ 16. In
 
 Scoggins,
 
 a case almost identical to the one before us, the plaintiff also failed to disclose during written discovery, production of documents, or deposition testimony previous medical treatment for the same types of ailments she alleged resulted from the accident.
 
 Scoggins v. Ellzey Beverages, Inc.,
 
 743 So.2d 990, 991-92 (¶¶ 5-7) (Miss.1999). As in this case, the sole issue was the extent of damages.
 
 Id.
 
 at 994 (¶ 17). The trial court found Scog-gins’s justification that she did not remember her previous medical problems lacked credibility.
 
 Id.
 
 at 993 (¶¶ 15-16). The supreme court affirmed, holding the trial court properly applied the
 
 Pierce
 
 factors.
 
 Id.
 
 at 996-97 (¶¶ 30-35);
 
 see also Allen v. Nat’l R.R. Passenger Corp.,
 
 934 So.2d 1006, 1012-13 (¶ 18) (Miss.2006) (finding trial court did not abuse its discretion by rejecting plaintiffs “innocent mistake” ex
 
 *1273
 
 planation for failing to disclose previous medical problems).
 

 III. The Sanction of Dismissal
 

 ¶ 17. Chambers’s sole argument is that dismissal was too harsh a sanction, citing
 
 White,
 
 509 So.2d at 207. Although the Mississippi Supreme Court in
 
 White
 
 reversed the Rule 37 dismissal of a husband’s divorce pleadings, it did so because: (1) the trial court made no determination the husband’s discovery violations were willful or in bad faith, and (2) other lesser sanctions were available under the circumstances.
 
 Id.
 
 at 208-09. Comparing
 
 White
 
 with the more factually similar cases
 
 Pierce, Scoggins,
 
 and
 
 Allen,
 
 which all upheld dismissal, we find
 
 White
 
 helps Chambers’s case little. Unlike
 
 White,
 
 here the circuit court
 
 did
 
 make a finding that her omissions were material and willful.
 

 ¶ 18. And a second pertinent distinction exists in the cases she cites supporting reversal — none of them involved false sworn testimony.
 
 See Wood v. Biloxi Pub. Sch. Dist.,
 
 757 So.2d 190, 194-95 (¶¶ 12-18) (Miss.2000) (reversing dismissal for false interrogatory answer because the answer was ambiguous and plaintiff had not lied under oath);
 
 Wallace v. Jones,
 
 572 So.2d 371, 374-77 (Miss.1990) (reversing dismissal under M.R.C.P. 41(b) for failure to meet criteria for sanction under that rule);
 
 White,
 
 509 So.2d at 208-10 (reversing dismissal for failure to comply with discovery requests because no determination of willful behavior or bad faith);
 
 see also Caracci v. Int’l Paper Co.,
 
 699 So.2d 546, 557-58 (¶¶ 22-24, 31) (Miss.1997) (reversing denial of expert testimony for failure to respond to interrogatories because no motion to compel had been filed). Because dismissal was deemed appropriate for lying under oath in
 
 Pierce, Scoggins,
 
 and
 
 Allen,
 
 we obviously do not find the mere imposition of this sanction to be per se unreasonable or harsh. To assess the ultimate appropriateness of dismissal, we turn to the
 
 Pierce
 
 factors.
 

 IV. The
 
 Pierce
 
 Factors
 

 ¶ 19. Reviewing Judge Morgan’s application of the
 
 Pierce
 
 factors, we note he found Chambers’s omissions were both willful and in bad faith. From the record, we see no error in this finding. Nor do we question his rejection of her excuse that she did not think it important to reveal her recent pre-accident chiropractic visits for treatment of the apparent identical pains. The circuit judge believed it was “highly unlikely” Chambers forgot her recent MRI examination. We too agree this convenient memory lapse is quite suspect. The circuit judge considered other sanctions, such as imposing costs for additional discovery. But he found lesser sanctions would not achieve the deterrent value of Rule 37. Confronted with false testimony, our supreme court has similarly emphasized that “any other sanction beside dismissal would virtually allow the plaintiff to get away with lying under oath without a meaningful penalty[.]”
 
 Pierce,
 
 688 So.2d at 1391.
 

 ¶ 20. The circuit judge also properly recognized that had the case been tried on damages, as scheduled, Brown would have been severely prejudiced. As to the final
 
 Pierce
 
 factor, the circuit court did not in any way attribute Chambers’s non-disclosure to her attorney. And his finding that Chambers’s concealment was willful and in bad faith negates any inference her omissions were due to a misunderstanding.
 

 ¶ 21.
 
 Pierce
 
 demonstrates that a party “who knowingly gives false testimony under oath and conceals significant facts from the court” is subject to the sanction of dismissal.
 
 Id.
 
 at 1391. The circuit judge here correctly adduced that all fault lay with Chambers alone. Finding no abuse of discretion in the circuit judge’s
 
 *1274
 
 reasoning that Chambers’s willful concealment required the dismissal of her claim against Brown with prejudice, we affirm.
 

 ¶ 22. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . Brown had not moved for — and the circuit court did not grant — dismissal of Nobles’s claim.
 

 [2]
 

 . The circuit judge did not rely on the response to Interrogatory 14 in dismissing the case, "since the objection was clearly interposed by the attorney and not Chambers.”