749 So.2d 361 (1999)
William J. GILBERT, Appellant,
v.
WAL-MART STORES, INC. and `David Robinson', Appellees.
No. 1998-CP-01960-COA.
Court of Appeals of Mississippi.
October 12, 1999.
*362 Appellant pro se.
H. Richmond Culp, III, Tupelo, Attorney for Appellees.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
LEE, J., for the Court:
¶ 1. The case at bar has been appealed to this Court by William J. Gilbert subsequently to his failure to comply with the order of the trial court relative to discovery and the sanction of dismissal with prejudice which was imposed for said failure. Gilbert failed to appear at a deposition scheduled for October 9, 1998, at 9:30 a. m. at the Circuit Court of Lee County. The trial court dismissed the action with prejudice for Gilbert's failure to comply with the order of the court stating that Gilbert was *363 to have his deposition taken by Wal-Mart prior to October 30, 1998, or have the case dismissed with prejudice. It is from this order of dismissal that Gilbert has filed his timely pro se appeal. Gilbert's argument may be summarized as follows: whether the trial court abused its discretion by dismissing the action with prejudice. Finding the argument asserted by Gilbert to be without merit, we affirm the dismissal of the trial court.

FACTS
¶ 2. Gilbert ultimately filed a pro se cause of action against Wal-Mart and two employees for failure to properly issue a Mississippi hunting and fishing license. In the complaint filed by Gilbert he claimed in one paragraph that the employees at Wal-Mart had been negligent when information necessary for the license was excluded on the license, and in another paragraph asserts that they were negligent for information included, which subsequently led to his arrest; however, from the record and briefs it is difficult to ascertain what information was incorrect and why it was incorrect. There is little information on what specific factors including any actions of Wal-Mart led to Gilbert's arrest. Gilbert contended that as a result of his arrest and during his incarceration he was without necessary medication for diabetes and high blood pressure and suffered a diabetic coma. Gilbert sought damages in the sum of $5,558,750 for the alleged negligence of Wal-Mart and its employees. For the purpose of this appeal we will focus on the discovery phase of this action as it is what is ultimately relevant to the appeal filed by Gilbert.
¶ 3. On July 15, 1998, Wal-Mart mailed a notice of deposition and requested that Gilbert appear for the taking of his deposition on August 26, 1998. Gilbert responded to this request by mailing counsel for Wal-Mart a list of lengthy demands to be met by Wal-Mart before he would consent and appear for the taking of his deposition. Wal-Mart did not comply with the demands made by Gilbert, and Gilbert did not appear for his deposition. Subsequently, on September 4, 1998, Wal-Mart filed a motion for sanctions.
¶ 4. In the motion for sanctions filed by Wal-Mart, it requested that the trial judge enter an order requiring Gilbert to appear and give testimony, and that failing his appearance, Wal-Mart be granted appropriate sanctions under Rule 37 of the Mississippi Rules of Civil Procedure. A copy of the motion for sanctions was mailed by Wal-Mart to Gilbert at two addresses supplied by Gilbert, one in Florida and one in North Carolina. On September 8, 1998, the trial judge mailed a letter notifying Gilbert of the motion for sanctions and informing Gilbert of his need to respond to said motion. On September 18, 1998, Gilbert mailed a response to defendant's motions for sanctions. On September 28, 1998, the trial judge entered an order stating that Gilbert was to appear and give testimony at the courthouse of the Circuit Court of Lee County, Mississippi prior to October 30, 1998. Additionally, the order stated that "failing plaintiffs unconditional appearance at said deposition, this Court, without necessity of further notice to plaintiff, will enter an order fully and finally dismissing the Complaint and all parties to this action with prejudice." On September 28, 1998, a copy of the aforementioned order was forwarded to counsel for Wal-Mart and Gilbert. On September 30, 1998, Wal-Mart mailed a renotice of deposition to Gilbert at both the Florida and North Carolina address and required Gilbert's presence for said deposition on October 9, 1998. Once again, Gilbert failed to appear at this deposition. On October 12, 1998, the court entered an order dismissing the cause of action with prejudice. Additionally, facts will be addressed as necessary in the discussion of the issue presented on appeal by Gilbert.

DISCUSSION

I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING *364 THE ACTION WITH PREJUDICE.
¶ 5. Gilbert argues on appeal that the trial court erred in dismissing his case with prejudice for his failure to appear at the deposition for his testimony noticed by Wal-Mart. Gilbert asserts that he was not present at the deposition because Wal-Mart was derelict in notifying him of the deposition scheduled on October 9, 1998. Gilbert bases this argument on the contention that Wal-Mart only mailed the renotice to his address in Florida, instead of his current address in North Carolina; therefore, upon receipt he did not have sufficient time to make preparations to attend the deposition.
¶ 6. In reviewing the aforementioned argument this Court applies an abuse of discretion standard of review to evaluate the actions of a trial court when dismissing an action as an imposition of sanctions for a discovery violation. Pierce v. Heritage Properties, Inc., 688 So.2d 1385, 1388 (Miss.1997). Whether sanctions are imposed for a discovery abuse is vested in the discretion of the trial judge. Id. See also White v. White, 509 So.2d 205, 207 (Miss.1987). Mississippi Rule of Civil Procedure 37 is designed to vest with the trial court great latitude in deciding when and what sanctions will be imposed for a discovery violation. White, 509 So.2d at 207. The authority to dismiss is vested in any court of law or equity, since this is necessary to the orderly expedition of justice and the court's regulation of its own docket. Palmer v. Biloxi Reg'l Med. Ctr., 564 So.2d 1346, 1367 (Miss.1990). An appellate court will affirm a trial court's decision unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors." Pierce v. Heritage Properties, Inc., 688 So.2d 1385, 1388 (Miss.1997). "Nevertheless, the trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances." Id.
¶ 7. The Fifth Circuit has enumerated several considerations to determine whether a district court has abused its discretion under Fed.R.Civ.P. 37(b)(2)(C) by dismissing with prejudice:
First, dismissal is authorized only when the failure to comply with the court's order results from wilfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in a situation where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.
Batson v. Neal Spelce Assocs., 765 F.2d 511, 514 (5th Cir.1985). Gilbert argues on appeal that he was not present for the taking of his deposition due to inability to comply with the renotice of deposition; however, the record reveals that it was more wilfulness or bad faith on the part of Gilbert that prevented his appearance.
¶ 8. Originally, Wal-Mart mailed a notice of deposition on July 15, 1998, requesting to take Gilbert's deposition on August 26, 1998. Gilbert replied to this notice with a lengthy list of demands and refused to appear for his deposition until Wal-Mart met these demands. An example of some of the demands made by Gilbert are as follows:
Plaintiff will not consent to any deposition except where the defendants shall no less than 30 days prior thereto provide this plaintiff with a true, complete and certain lists containing every subject that shall be inquired into and every specific question that shall be asked at that deposition.
Plaintiff will not consent to any deposition except where the defendants shall *365 no less than 30 days prior thereto provide this plaintiff with an agreement signed and witnessed by the defendants or their legally authorized representative, setting forth in plain and common language that they accept the burden of and promise to pay forthwith and within thirty days of the completion of the deposition all Costs, Fees, and Expenses reasonably incurred by this plaintiff in regard to any deposition required by the defendants related to this matter, included but not limited to;
(1) Fees of Counsel at $200.00 Dollars per hour.
(2) Plaintiffs time at $ 25.00 Dollars for each hour of the Plaintiffs time diverted from other pursuits for the purpose of said deposition.
(3) The time of plaintiff's witnesses diverted to the purpose of the said deposition at $25.00 per hour.
(4) The travel expenses for plaintiffs counsel, plaintiff and plaintiff's witnesses at 26 cents per mile.
It appears Wal-Mart took no action on the demands made by Gilbert, and Gilbert did not appear at the deposition. As a result, Wal-Mart attempted to obtain Gilbert's deposition with the assistance of the trial court by filing a motion for sanctions.
¶ 9. The motion for sanctions requested that Gilbert be ordered to appear for the taking of his deposition. The certificate of service shows that the motion for sanctions was mailed by Wal-Mart to Gilbert at two addresses supplied by Gilbert, one in Florida and one in North Carolina. On September 8, 1998, the trial judge mailed a letter notifying Gilbert of the motion for sanctions and informing Gilbert of his need to respond. On September 18, 1998, Gilbert mailed a response to defendant's motions for sanctions. On September 28, 1998, the trial judge entered an order clearly stating that Gilbert was to appear and give testimony at the courthouse of the Circuit Court of Lee County, Mississippi prior to October 30, 1998. Additionally, the order stated that "failing plaintiff's unconditional appearance at said deposition, this court, without necessity of further notice to plaintiff, will enter an order fully and finally dismissing the Complaint and all parties to this action with prejudice."
¶ 10. On appeal Gilbert does not urge that he did not receive adequate notice of the trial court's order demanding his appearance for the taking of his deposition. Additionally, the record contains a copy of a letter dated September 28, 1998, from the trial judge to the Lee County Circuit Clerk which stated that a copy of the order requiring Gilbert to appear for deposition testimony should be filed, and copies of said order were being furnished to counsel of record for Wal-Mart and Gilbert by copy of the letter. The trial court's order was explicit that commencing September 28, 1998, through October 30, 1998, Gilbert was to be prepared to attend the deposition or suffer the consequence of dismissal of the cause of action with prejudice. Gilbert's actions were in direct defiance of an explicit court order.
¶ 11. Additionally, this Court has reviewed the record as it pertains to Gilbert's argument that he was not present at the deposition because Wal-Mart was derelict in notifying him of the deposition scheduled on October 9, 1998. Gilbert bases this argument on the contention that Wal-Mart only mailed the renotice to his address in Florida, instead of his then current address in North Carolina; therefore, upon receipt he did not have sufficient time to make preparations to attend the deposition. The record indicates the contrary. In reviewing the renotice of deposition dated September 30, 1998, which required Gilbert's presence on October 9, 1998, the attached certificate of service revealed that it was mailed to both his Florida and North Carolina address. Additionally, this Court notes that although Gilbert placed the North Carolina address on some of his documents he did not execute an official notice of change of address *366 until April 14, 1999. This notice was executed by Gilbert several months after the trial court had dismissed the action. Not only do the previous actions of Gilbert appear to be wilful and in bad faith, but they also prejudiced Wal-Mart's preparation for trial.
¶ 12. The delays created by Gilbert caused Wal-Mart not only the loss of time and money, but also drastically hindered its ability to evaluate settlement possibilities and obtain information necessary to defend against Gilbert's demand for damages at trial. The trial judge's dismissal of the action on October 12, 1998, was within the broad discretion granted under Mississippi Rules of Civil Procedure Rule 37(b)(2) and 37(e). Therefore, this Court finds that the dismissal was not an abuse of discretion by the trial judge. We hereby affirm the trial court's decision.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.