CARLTON, J.,
for the Court:
FACTS
¶ 1. On November 6, 2008, Maria Avare filed a complaint against Gulfside Casino Partnership (d/b/a Island View Casino Resort) in the Harrison County Circuit Court, alleging negligence and seeking damages for injuries she received on June 16, 2008, after a roulette ball struck her right eye. Avare claimed that while playing roulette at the Island View Casino Resort, the roulette dealer negligently placed the ball on the roulette wheel, which she asserts caused the ball to strike her right eye. , As a result of her asserted injury, Avare sought damages from Gulf-side Casino, including out-of-pocket expenses, as well as expenses for temporary and total disability, physical pain, mental anguish, and the likelihood of future medical expenses related' to the injury. Additionally, Avare alleged loss of enjoyment of life, permanent scarring, and loss of wages and wage earning capacity as a result of Gulfside Casino’s negligence.
¶ 2. On August 4, 2011, Gulfside Casino filed a motion to dismiss Avare’s complaint based on Mississippi Rule of Civil Procedure 37(b)(2)(C) after learning of several misrepresentations and discovery violations by Avare. After a hearing held on September 8, 2011, the circuit court entered an order of dismissal, dismissing Avare’s claim with prejudice after determining that under the circumstances, no *798 sanction less than dismissal would be appropriate to satisfy the deterrent valuer of Rule 87.
¶ 8. Avare now appeals the circuit court’s dismissal of her claim.
STANDARD OF REVIEW
¶ 4. A trial court’s dismissal of a cause of action as a sanction for discovery abuse is reviewed for abuse of discretion. Jones v. Jones, 995 So.2d 706, 711 (¶ 18) (Miss.2008); Wood ex rel. Wood v. Biloxi Pub. Sch. Dist., 757 So.2d 190, 192 (¶ 8) (Miss.2000).[1] An appellate court will affirm a trial court’s dismissal of a cause of action as a sanction “unless there is a definite and firm conviction that the [trial] court ... committed a clear error of judgment in the. conclusion it reached upon weighing of relevant factors.” Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss.1997) (quoting Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 692 (Miss.1990)). We will, however, review .issues of law de novo. In re Estate of Ladner v. Ladner, 909 So.2d 1051, 1054 (¶6) (Miss.2004). We recognize that the exercise of dismissal power should be limited to “the most extreme circumstances.” Gilbert v. Wal-Mart Stores, Inc., 749 So.2d 361, 364 (¶ 6) (Miss.Ct.App.1999).
DISCUSSION
I. Affirmative Defenses
¶ 6. Avare first argues that the circuit court erred in dismissing her claim because upon learning of her non-disclosures, Gulfside Casino failed to timely raise its affirmative defenses in its motion to dismiss.- Interestingly, Avare’s own discovery violations constitute the supposed “affirmative” defenses to which Avare alludes in her appellate brief, Avare submits that although she filed her written responses to Gulfside Casino’s first set of interrogatories and requests for production of documents in February 2009 and was deposed in May 2009, Gulfside Casino failed to file its motion to dismiss until August 2011. Avare further asserts that this alleged unreasonable delay[2] in seeking dismissal therefore renders Gulfside Casino’s affirmative defenses void due to such delay. Avare’s argument is misplaced in stating that a motion to dismiss filed and imposed as a sanction for her discovery violations, pursuant to Rule 87(b)(2)(c), constitutes an affirmative defense.[3] Avare’s discovery violations, the basis of the dismissal, occurred after she filed her complaint and after Gulfside Casino filed its answer.
¶6. Upon reviewing Gulfside Casino’s motion to dismiss, we find no assertion of any affirmative defenses. See M.R.C.P. 8(c); see also Eckman v. Moore, 876 So.2d 975, 989 (¶ 47) (Miss.2004). The motion to dismiss sets forth Gulfeide Casino’s assertions of Avare’s discovery violations and misrepresentations, and the motion seeks dismissal of the complaint, alleging that Avare’s misrepresentations were willful and given in bad faith. See M.R.C.P. 37(b); see also M.R.C.P. 11(b). This issue is without merit.
II. Sanctions
¶ 7. Avare next claims that her discovery violations of failing to disclose information *799 and misleading Gulfside Casino on collateral issues should warrant a lesser sanction than dismissal. In support of her argument regarding the severity of the sanctions, Avare argues that the record does not reflect that the circuit court meaningfully considered imposing lesser sanctions prior-to dismissing her claim.
¶ 8. Rule 87(b)(2)(C) states, in pertinent part:
If a party ... - fails to obey an order to provide or permit discovery, including an order made under subsection (a) of this rule, the court in which the action ,is pending may make such orders in regard to the failure as are just, and. among others the following:
. an order striking out .pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the adion or proceeding, or any part thereof, or rendering a judgment by default against the disobedient party[.]
(Emphasis added). Upon review of this issue, we acknowledge that the Mississippi Supreme Court has established the following factors for evaluating the appropriateness of dismissal as a sanction for discovery violations: -
First, dismissal is authorized only when the failure to comply with the court’s order results from wilfulness or bad faith, and not from the inability to comply. Dismissal is proper'only in situation[s] where the' deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party’s preparation for trial was : substantially prejudiced. Finally, dismissal may be inappropriate when neglect-is plainly attributable to an attorney rather than a blameless client, or when a party’s simple. negligence is grounded in confusion or sincere misunderstanding of the court’s orders.
Pierce, 688 So.2d at 1389; see M.R.C.P. 37(b)(2)(C). The Pierce court explained that these factors are considerations and not -four absolute requirements. Pierce, 688 So.2d at 1389. The supreme court has further held that willfulness or bad faith may be so clearly evidenced that the four Pierce factors will be irrelevant to the upholding of dismissal. White v. White, 509 So.2d 205, 207 (Miss.1987).
¶ 9. Additionally, “[a] finding of willfulness may be based- upon either a willful, intentional, and bad faith attempt' to conceal evidence or a gross indifference to discovery obligations.” Pierce, 688 So.2d at 1390. We also acknowledge that Rule 37(e) provides, for additional sanctions where, a party abuses the. discovery process in seeking or resisting discovery. In this case, since Avare was untruthful as to her discovery, Rule 37(e) also supports the trial court’s dismissal. See also William Pyle, Luther Ott & Clark Rumfelt, Mississippi Rules of Discovery, 46 Miss. L.J. 681, 764-83 (1975).
¶ 10. In dismissing Aváre’s claim, the circuit judge listed Avare’s numerous misrepresentations and non-disclosures, stating:
Avare intentionally and in bad faith represented material facts during the discovery process by providing false sworn testimony.regarding her criminal history[;] which included a 1997 conviction for possession of cocaine in the Circuit Court of Harrison County; false sworn testimony regarding prior civil litigation to which she was .a party; false sworn testimony'regarding prior, wage claims; false sworn testimony regarding her medical history; false .sworn testimony that she was attending Asbury College at the time of the incident (when Asbury has no record of her ever being enrolled *800 as a student); false sworn testimony surrounding her wage claim in the present matter; and false sworn testimony that she had not returned to the Island View Casino at the time of the deposition (when she stayed at the Island View Casino the night before the deposition). The court further finds that [Avare] failed to supplement her discovery responses timely to disclose a conviction for forgery in the State of Kentucky in 2010 and failed to supplement her discovery responses to disclose medical treatment she received subsequent to her original answers to discovery, though [Avare] attempted to use undisclosed medical treatment to her benefit in the deposition of her expert.
The court further specifically finds that [Avare] submitted an affidavit in response to the motion to dismiss which itself included multiple misrepresentations. In one example, [Avare] attests as justification for her misrepresentations during her deposition that she was exhausted from a thirteen (13) hour drive prior to her deposition. However, the court notes that [Gulfside Casino] has submitted video into evidence which shows that [Avare] arrived at Island View Casino around 1:20 p.m. the afternoon before her deposition.
The court specifically notes that the affidavit of [Avare] acknowledges that she intentionally testified falsely in her deposition. Specifically, the affidavit states: “I did not want to give a bad impression about my past regretted mistakes[,] so I basically rationalized that I was innocent of this charge.” Further, the affidavit states[:] “I did withhold some personal information because I wasn’t proud of it[,] and I didn’t want it on display to make me look bad[,] and it was only to protect my credibility and reputation during the deposition.”
¶ 11. The circuit court also found that the misrepresentations and omissions outlined in the pleadings of the parties, and contained in the exhibits in the record, were willful and in bad faith, and “not from an inability to comply.” In her brief, Avare admits that she was dishonest during discovery and acknowledges that she failed to disclose discoverable information concerning her criminal and civil litigation history. Avare argues that she attempted at least a “partial cure” of the omissions in her responses to written discovery and in her deposition by filing an errata sheet on June 11, 2009, admitting many non-disclosures. Avare also contends that she genuinely was unaware that she had ever been charged with a felony. However, the record reflects that Avare’s counsel admitted that Avare’s former counsel failed to provide the errata sheet and list of non-disclosures to Gulfside Casino. We find sufficient evidence in the record to support the circuit court’s finding that Avare’s failure to comply was willful and in bad faith. See Conklin v. Boyd Gaming Corp., 75 So.3d 589, 594-95 (¶¶ 15-17) (Miss.Ct.App.2011).
¶ 12. In examining whether the deterrent value of Rule 37 can be substantially achieved by the use of less drastic sanctions, we note that the order dismissing Avare’s case does not specifically evaluate lesser sanctions. Additionally, we find no evidence in the record showing that Gulf-side Casino sought an order compelling discovery. Our supreme court has directed that “[w]hen a party is aware of an incomplete or evasive discovery response, that party should take affirmative action by seeking an order compelling discovery[.]” Ford Motor Co. v. Tennin, 960 So.2d 379, 393 (¶ 47) (Miss.2007).
¶ 13. ■ Nevertheless, here, the circuit court expressed:
[T]he deterrent value of Rule 37 ... cannot be achieved by the use of less *801 drastic sanctions. As the Mississippi Supreme Court found in Pierce v. Heritage Properties, 688 So.2d 1385 (Miss.1997), any other sanction besides dismissal would virtually allow [Avare] to get away- with lying under oath without a meaningful penalty.
¶ 14. Regarding the factor of prejudice, the circuit court’s order reflects its finding that the misrepresentations and omissions caused substantial prejudice to Gulfside Casino in its preparation for trial. In determining whether the neglect in the discovery responses was attributable to Avare rather than to her attorney, the circuit court clarified that it found the misrepresentations and omissions in discovery directly attributable to Avare, and not her attorney.
¶ 15. We recognize-that “[dismissal with prejudice is a sanction that should be imposed only in those rare instances where the conduct of a party is so egregious that no other sanction, will meet the demands of justice.” Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990, 997 (¶36) (Miss.1999). Further, where “a party has frustrated the orderly judicial process by false or erroneous responses to interrogatories, that party should not be able to argue that its own conduct has removed it beyond the reach of sanctions.” Pierce, 688 So.2d at 1390; Smith v. Tougaloo Coll., 805 So.2d 633, 642 (¶33) (Miss.Ct.App.2002). After reviewing the record, we find no abuse of discretion with the circuit court’s decision concluding that any sanction short of dismissal would not serve a deterrent purpose. Wood, 757 So.2d at 192 (¶8). As previously acknowledged,-to reverse the trial court’s decision, this Court must have a “definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Pierce, 688 So.2d at 1388 (quoting Cooper, 568 So.2d at 692). We find the circuit court weighed the relevant factors, and no evidence exists- to find the circuit court committed a clear error of judgment in reaching its conclusion. Accordingly, we affirm the circuit court’s order dismissing Avare’s claim with prejudice.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT. JAMES, J„ CONCURS IN PART AND DISSENTS IN PART.

. See also Cunningham v. Mitchell, 549 So.2d 955, 958 (Miss.1989).

. As previously noted, Avare’s complaint was filed on November 6, 2008. Gulfside Casino filed its answer on December 30, 2008, and later filed its motion to dismiss pursuant to Rule 37(b)(2)(C) on August 4, 2011.

. See Pass Termite & Pest Control Inc. v. Walker, 904 So.2d 1030, 1033 (¶ 10) (Miss.2004) (generally, affirmative 'defenses must be raised in a party’s answer). See also M.R.C.P. 8(c) (setting forth defenses that, must be affirmatively pled).