MAXWELL, JUSTICE,
FOR THE COURT:
¶ 1. Under our civil discover rules, a party who fails to attend his own properly noticed deposition may be sanctioned—up to dismissal of his case.[1] Here, the plaintiff in a will contest intentionally skipped out on his deposition. This prompted the chancellor to grant the defendant’s motion for sanctions, dismissing the will contest. While this sanction was harsh, it was within the chancellor’s discretion to impose. Wé thus affirm.
Background Facts and Procedural History
¶2. After -Robert A. Johnson’s father died, his stepmother, Myra Linda Henderson, filed a petition to probate his father’s will. This will left nothing to Johnson or his brother. So on August 26, 2014, Johnson filed a petition to contest the will.
¶3. On October 12, 2016, Henderson noticed Johnson’s deposition for October 22, 2016. The deposition was to take place at Henderson’s attorney’s office in Southa-ven, Mississippi. Johnson—a California resident—filed a motion to quash and for a protective order. According to Johnson, traveling to Mississippi on such short notice would have caused him undue burden. He proposed Henderson either pay for his travel to Mississippi, take his deposition remotely by video, or come to California to depose him.
¶ 4. On November 9, 2015, the chancellor heard Johnson’s motion.[2] The judge ruled Johnson had to come to Mississippi to be deposed. And Johnson, through his counsel,, agreed he should be deposed in Mississippi. The chancellor denied Johnson’s motion to quash, but suggested Henderson give Johnson at least thirty days’ notice before deposing him. This would allow Johnson to make travel arrangements for his Mississippi deposition.
¶ 5. The same day. as this ruling, Henderson filed a second notice of deposition. This notice informed Johnson he would be deposed thirty-two days later. The deposition was set for December 11, 2016, at Henderson’s attorney’s office in Southaven.[3]
*267 ¶ 6. Three days before the scheduled deposition, Henderson’s attorney contacted Johnson’s counsel to confirm Johnson’s attendance. According to Henderson’s attorney, Johnson’s counsel “very candidly told [him] that his client was not going to be there on the appointed hour of the deposition for December 11th.”
¶ 7. Indeed, Johnson failed to appear for his . deposition on December 11. And Henderson immediately filed a motion for sanctions, requesting Johnson’s will contest be dismissed. The chancellor heard this motion on January 5, 2016. During the hearing, Johnson’s counsel argued Johnson had been too busy to attend the deposition. He told the chancellor Johnson is in the event-planning business. And his important contracts in December and January prevented him from leaving during that period. But he expressed Johnson was willing to come to Mississippi in February, when business slowed down.
¶ 8. The chancellor asked why Johnson had not filed anything but instead chose to disregard the deposition and simply not show up. Johnson’s lawyer told the judge, “I wanted to.” But Johnson directed him to “his attorney in California that handles his business contracts, and I was not able to coordinate with that attorney to get me the documentation to present to the Court.”
¶ 9. Johnson’s lawyer then spoke' on the sanctions request. He argued “if sanctions are imposed, they should be financial.” This would “allow [Johnson] to compensate the opposing party but still -have his day in court here.” The chancellor considered this suggestion, but was not- swayed by it. The chancellor felt a more serious sanction was warranted. As the chancellor put it, “I cannot allow somebody to file an action in a will contest or otherwise in my Court and not make themselves available to the Court for necessary discovery. I can’t allow it. It’s, frankly, contemptuous. And also, if it’s not done, all it does is slow down .the wheels of justice.” For these reasons, the chancellor rejected Johnson’s counsel’s suggestion and instead granted Henderson’s motion to dismiss.
¶ 10.' Johnson timely appealed. Because the trial judge has “considerable discretion in discovery matters,” this Court reviews his decision for abuse of discretion. Salts v. Gulf Nat’t Life Ins. Co., 872 So.2d 667, 670 (Miss. 2004).
Discussion
¶ 11. The rule governing a party’s failure to attend a properly noticed deposition is very clear. “If a party. .., fails ... to appear before the officer who is to take his deposition, after being served with a proper notice,..... the court in which the action is pending on motion .., may take any action authorized under subsections (A), (B), and (C) of subsection (b)(2) of this rule.” M.R.C.P. 37(d) (emphasis added). One of the actions authorized by subsection (b)(2) is the issuing of an order “dismissing the action or proceéding or any part thereof, or rendering a judgment by default against the disobedient party[.]” M.R.C.P. 37(b)(2)(C). So under Rule 37, dismissal is an authorized sanction,
¶ 12. ■ Johnson does not claim he lacked proper notice of the December 11, 2Q15. deposition.. So under Rule 37(d)’s plain language, his failure to appear triggered the chancellor’s discretionary authority to dismiss his will contest with prejudice. Johnson recognizes, this authority but tries to temper his nonappearance by arguing it was not willful. As his lawyer later pitched it to the chancellor, he was just too busy to be there.
¶ 13. Johnson .insists this Court’s precedent cuts against his being hit with the ultimate sanction of dismissal. See, e.g., *268 Pierce v. Heritage Props., Inc., 688 So.2d 1385, 1388 (Miss. 1997) (finding the plaintiffs willful discovery violation supported the trial judge’s sanction of dismissal). But the record shows his nonattendance was willful. Opting against seeking court permission or intervention, he gambled on forgiveness, and intentionally skipped out on his properly noticed deposition. Johnson made no prior mention of work obligations or serious conflicting business duties. It was only afterward, when looking down the barrel of dismissal, that his attorney suggested to the chancellor that Johnson’s California business would have been disrupted had he attended the deposition. Johnson had not mentioned this excuse to the court before ditching his deposition. Nor did he seek court intervention or direct -his counsel to work with Henderson’s lawyer to find a more suitable date to be deposed.
¶ 14. In fact, Johnson apparently never intended to inform Henderson he was not coming. Our review shows it was Henderson’s lawyer who contacted Johnson’s attorney three days before the scheduled deposition to verify Johnson would be there. And only then, according to Henderson’s attorney, did Johnson’s lawyer tell him his client was not coming.
¶ 15. In addition to willfulness, we also consider “whether the failure to comply is attributable to the party itself, or their attorney,” and “whether the failure to comply was a consequence of simple confusion or a misunderstanding of the trial court’s order.” Beck v. Sapet, 937 So.2d 945, 949 (Miss. 2006) (citing Pierce, 688 So.2d at 1389). Here, the record supports the chancellor’s finding that it was in fact Johnson—not his attorney—who decided to skip the deposition. And his absence was not based on confusion over the judge’s November 9 ruling that he come to Mississippi to be deposed. It was willful.
¶16. Based on this willful, unexcused failure to attend the December 11 deposition, we And the chancellor was within his discretion under Rule 37(d) to sanction Johnson by dismissing his action. See Salts, 872 So.2d at 674 (affirming the trial judge’s dismissal under Rule 37(b)(2)(C) for failure to attend a deposition as within the judge’s discretion); Gilbert v. Wal-Mart Stores, Inc., 749 So.2d 361, 364 (Miss. Ct. App. 1999) (affirming trial judge’s sanction of dismissal because “the record reveals that it was more wilfulness or bad faith on the part of Gilbert that prevented his appearance” at the scheduled deposition).
II17. The dissent and Johnson try to distinguish Salts and Gilbert by arguing, in those cases, the plaintiffs had been ordered to attend the depositions. And in his case, Johnson was never ordered by the chancellor to show up on December 11. But the fact the parties in Salts and Gilbert were under court order—and Johnson was not—is immaterial to our analysis. It simply makes their failures to appear not only violations of Rule 37(d) but also Rule 37(b), which specifically governs the failure to comply with discovery-related court orders. See Salts, 872 So.2d at 674; Gilbert, 749 So.2d at 364. There is nothing in Rule 37(d)—the subsection that specifically governs a party’s failure to attend his own properly noticed deposition—that limits the trial court’s discretionary authority to dismiss to only those eases where a party has been expressly ordered by the court to attend a deposition. Compare M.R.C.P. 37(d) (governing “Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection”) with M.R.C.P. 37(b) (governing “Failure to Comply With Order”). Again, Rule 37(d) makes clear a party cannot ignore a properly served notice of deposi *269 tion with impunity. Instead, he must appear or, if appearance is not feasible, seek the other side’s cooperation and, if necessary, the court’s intervention. In this case, Johnson did nothing. He simply rolled the dice and decided not to come to Mississippi to be deposed, despite the judge’s ruling.
¶ 18. The dissent also suggests the chancellor did not consider lesser sanctions— another factor we weigh when reviewing the sanction of dismissal. See Beck, 937 So.2d at 949 (citing Pierce, 688 So.2d at 1389). But we find he did. At the motion-for-sanctions hearing, Johnson’s counsel specifically argued that, “if sanctions are imposed, they should be financial sanctions.” This, he insisted, would “allow [Johnson] to compensate the opposing party but still have his day in court here.” The chancellor considered but rejected this suggestion.
¶ 19. It is obvious the chancellor felt lesser sanctions would not suffice. In meting out the appropriate sanction, he found he could not allow practitioners to file lawsuits then thwart necessary discovery through their nonavailability. He deemed such a course as “frankly, contemptuous.” In his view, this sort,.of-willful behavior “slow[s] down the wheels of justice.” From this exchange, it is evident the judge acknowledged and considered Johnson’s argument but found dismissal the only viable sanction for Johnson’s willful conduct. See Pierce, 688 So.2d at 1390-91 (affirming the sanction of dismissal, in part, because the trial court had considered less-drastic sanctions but found none would have the same deterrent value). While this court may have crafted a different sanction, we cannot say the chancellor lacked discretion to dismiss with prejudice under Rule 37(d).
¶ 20. As a final matter, Johnson argues the chancellor wrongly denied his motion for a protective order. This was the motion he filed in response to the first notice of the October 22, 2015 deposition. The record contains no transcript from the November 9, 2015 hearing on Johnson’s motion. But during the January 5, 2016 sane-, tions hearing, Johnson’s attorney recapped the judge’s prior ruling, acknowledging “[previously ... the court ruled that it was better to have in person depositions and we agreed.” (Emphasis added.) But even if Johnson disagreed with the judge’s ruling that he had to come to Mississippi to be deposed, he could not simply ignore the properly noticed December 11 deposition. Johnson could have filed a second motion for protective order based on the timing of the deposition, but he did not.[4] Instead, he deliberately chose not to attend. Based on this unexcused absence, we find the chancellor was within his discretionary authority under Rule 37(d) to sanction Johnson with dismissal.
Conclusion
¶21. When reviewing a dismissal by sanction, our standard is to “affirm a trial court’s decision unless there is a ‘definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.’ ” Pierce, 688 So.2d at 1388 (quoting Cooper v. State Farm Fire & Cas. Co., 568 So.2d 687, 692 (Miss. *270 1990)). Because the record does not support a finding of clear error, we must affirm.
¶ 22. AFFIRMED,
WALLER, C.J., RANDOLPH, P.J., COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J.

, M.R.C.P. 37(d).

. While no transcript of this hearing is in the record, there was a discussion at a later hearing about what transpired on November 9, 2015.

.While this notice was not made part of the appellate record, Johnson does not contest he received proper notice of the December 11, 2015 deposition.

. Under Rule 37(d), "The failure to act described in this subsection may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order under Rule 26(d).” While Johnson did apply for a protective order in response to the- notice of the October 22 deposition based on his argument he did not have to come to Mississippi at all, once the trial judge ruled that he did have to come to Mississippi, Johnson never sought a protective order in response to the notice of the December 11 deposition based on his argument that he could not travel during this timé period.