KITCHENS, JUSTICE,
DISSENTING:
¶ 23. Because the chancellor erroneously dismissed Robert A- Johnson’s case without having considered the possibility and practicality of lesser sanctions, I respectfully dissent.
¶24. This Court applies an abuse of discretion standard “to. a trial court’s dismissal of an action with prejudice as a result of a discovery violation .... ” Beck v. Sapet, 937 So.2d 945, 948 (Miss. 2006) (citing Salts v. Gulf Nat’l Life Ins. Co., 872 So.2d 667, 670 (Miss. 2004)). The. Court considers the following factors in determining the propriety of a dismissal with prejudice for a discovery violation:
(1) whether the discovery violation resulted from willfulness or an inability to comply; (2) whether the deterrent value of Rule 37 could not have been achieved through lesser- sanctions; (3) whether the other party’s trial preparation has been prejudiced; (4) whether the failure to comply is attributable to the party itself, or their [sic] attorney; and (5) whether the failure to comply was a consequence of simple' confusion or a misunderstanding of the trial court’s order.
Beck, 937 So.2d at 949 (citing Pierce v. Heritage Props. Inc., 688 So.2d 1385, 1389 (Miss. 1997)). “A willful violation of a discovery rule oceurs when there is a conscious or intentional failure to comply with the rule’s requirements.” Pierce, 688 So.2d at 1390 (citing Medina v. Found. Reserve Ins. Co., 117 N.M. 163, 870 P.2d 125, 126 (1994)). “A finding of willfulness may be based upon either a willful, intentional, and bad faith attempt to conceal evidence or a gross indifference to discovery obligations.” Id. “This Court reverses if it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of relevant factors.” Beck, 937 So.2d at 949 (citing Caracci v. Int’l Paper Co., 699 So.2d 546, 556 (Miss. 1997)).
¶25. Of course, “a ‘trial court should dismiss a cause of action for failure to comply with discovery only under the most extreme circumstances.’” Kinzie v. Belk Dep’t Stores, L.P., 164 So.3d 974, 977 (Miss. 2015) (quoting Pierce, 688 So.2d at 1388).. We have affirmed the. dismissal of cases only in the most egregious circumstances of discovery violations. See Pierce, 688 So.2d at 1390 (dismissal affirmed because plaintiff lied under oath); Scoggins v. Ellzey Beverages, Inc., 743 So.2d 990 (Miss. 1999) (dismissal affirmed because plaintiff deliberately subverted the judicial process by providing testimony ■ that differed from her medical records); Ashmore v. Miss. Auth. on Educ. Television, 148 So.3d 977, 985 (Miss. 2014) (dismissal affirmed because plaintiff concealed various medical procedures and injuries despite contrary medical records).
¶ 26. In Kinzie, 164 So.3d at 979, this Court reversed dismissal, in' part, because the trial court failed to consider “the possibility and practicality of lesser sanctions.” We held that “[dismissal is appropriate only under the most extreme circumstances and only where lesser sanctions will not suffice.” Id. (citing Pierce, 688 So.2d at 1388-89). See also Am. Tel. and *271 Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (Miss. 1998) (After the trial court dismissed a case pursuant to Mississippi Rule of Civil Procedure 41(b), this Court reversed and remanded because “there is no indication that lesser sanctions were considered by the [trial] court.”)
¶27. The majority states that Johnson “simply rolled the dice and decided he did not have to come to Mississippi to be deposed, despite the judge’s ruling.” Maj Op. ¶ 15. But the court’s order denying Johnson’s timely motion to quash/motion for a protective order did not require Johnson’s attendance at any deposition. In both of the cases upon which the majority relies, Salts v. Gulf National Life Ins. Co., 872 So.2d 667, 674 (Miss, 2004), and Gilbert v. Wal-Mart Stores, Inc., 749 So.2d 361, 364 (Miss. Ct. App. 1999), the trial court had ordered attendance at a scheduled deposition.
¶ 28. In Gilbert, '.William Gilbert filed a lawsuit pro se■ against Wal-Mart, alleging that the failure of Wal-Mart employees properly to issue a Mississippi hunting and fishing license subsequently led to his arrest and that “as a result of his arrest and during his incarceration he was without necessary medication for diabetes and high blood pressure and suffered a diabetic coma.” Id. at 363. He sought $5,558,750 in damages. Id. Wal-Mart provided Gilbert a notice of deposition, to which he responded “by mailing counsel for Wal-Mart a list of lengthy demands to be met by Wal-Mart before he would consent and appear for the taking of his deposition.” Id. After Gilbert failed to appear for his deposition, Wal-Mart filed a motion for sanctions, requesting that the trial court order Gilbert to appear and give testimony. Id. at 363.
¶29. The trial court entered an order requiring Gilbert’s appearance and warning that ‘“failing plaintiff’s unconditional appearance at said deposition, this Court, without necessity of further notice to plaintiff, will enter an order fully and finally dismissing'the Complaint and all parties to the action with prejudice.’ ” Id. A renotice ■of deposition was sent to Gilbert, but Gilbert again failed to appear..Id. The trial court dismissed ■ the cause of action with prejudice. Id. The Mississippi Court of Appeals affirmed, finding that the trial court had not abused its discretion and that “[t]he delays created by Gilbert caused Wal-Mart not -Only the loss of time and money, but also drastically hindered its ability to evaluate settlement possibilities and obtain information necessary to defend against Gilbert’s demand for damages at trial.” Id. at 366.
¶'30. Similarly, in Salts v. Gulf National Life Insurance Company, the trial court granted the defendants’ motion to dismiss because the plaintiffs “ ‘had willfully failed to comply with the court’s order to submit to depositions on February 2-3, 2000.’ ” Salts v. Gulf Nat'l Life Ins. Co., 872 So.2d 667, 669 (Miss. 2004) (quoting Salts v. Gulf Nat’l Life Ins. Co., 849 So.2d 848, 849 (Miss. 2002)). This Court determined that, after the trial court had entered an order setting the plaintiffs’ depositions, and “[w]hether it was their decision or on advice from their attorneys, the plaintiffs chose to disregard the order and did not submit for their scheduled depositions.” Salts, 872 So.2d at 674. “This was a willful failure to comply with the court’s ordér” and “[b]y not being able to take the deposition of the plaintiffs, the defendants’ trial preparation has been substantially prejudiced.” Id. (citing M.R.C.P. 37(b)(2)(c)). This Court, therefore, - affirmed dismissal with prejudice. Id.
¶ 31. In the present case, after Johnson filed the will contest, Henderson provided notice that Johnson would be deposed on October 22, 2015, in Southaven, Mississippi. Because attendance would have re *272 quired that Johnson travel from his home in California to Southaven, Mississippi, Johnson filed a motion to quash the subpoena duces tecum and, alternatively, for a protective order precluding Henderson from requiring him to undergo the “undue burden or expense” of traveling. Johnson proposed three alternatives: that Henderson pay his travel expenses, that .a deposition take place via Skype, or that Henderson travel to California to take his deposition. Far from being disdainful or dismissive of Henderson’s desire to depose him, Johnson seems to have been trying to find some reasonable way to accommodate her.
¶ 82. The chancery court, following. a hearing on November 9, 2015, simply, denied the motion to quash/motion for a protective order, explaining only that it was “not well founded.” The chancery court did not, as did the trial courts in Gilbert and Salts, require that Johnson appear at a particular place and time to give his deposition.[5] Henderson then amended the notice of deposition, changing the date of the deposition to December 11, 2015. Three days before the deposition had been scheduled unilaterally by Henderson’s lawyer, on December 8, 2015, Johnson’s lawyer informed Henderson’s lawyer that Johnson would not appear on December ll, 2015, to be deposed. There is no indication that, prior to this contact, the two attorneys had spoken to each other with regard to the scheduling of Johnson’s deposition.
¶ 33. Due to Johnson’s absence, Henderson moved for sanctions, asking that the will contest be dismissed with prejudice. On appeal, Henderson argues that the trial court, by denying Johnson’s motion to quash/motion for a protective order, was, in effect, “dismissing his arguments that Ms. Henderson be required to travel to California, Mr. Johnson’s residence, for his deposition.” This, according to Henderson, required “that Mr. Johnson appear in Mississippi for the deposition.” But, as Johnson’s lawyer explained at the hearing on the motion for sanctions, Johnson’s business obligations prevented his attendance in December 2015. He would, according to his counsel at the hearing, be available two months later, in February 2016.
¶ 34. This case is wholly unlike Gilbert, in which Gilbert ignored an order from the trial court which made it clear that, if he failed to appear at his scheduled deposition, his case would be dismissed with prejudice. Gilbert, 749 So.2d at 363. And unlike the circumstances in Salts, here there was no wilful failure to comply with the trial court’s order because therp was no trial court order with which to comply. The trial court never ordered Johnson to appear, much less threatened him with the ultimate sanction of dismissal with prejudice.
¶ 35. It is true that, despite the chancery court’s denial of Johnson’s motion to quash/motion for a protective order, Johnson failed to appear at the December 11, 2015, deposition. But, far from ignoring the deposition notices, Johnson’s lawyer timely responded to the deposition of October 12, 2015,[6] by letter on October 13, 2015, offering reasonable and workable alternatives. While it is arguable whether his *273 conduct in this regard was sanctionable at all, the record does not show that the chancery court considered the possibility of imposing less severe sanctions than the ultimate sanction of dismissal with prejudice.
¶ 36. The majority surmises that the trial judge had considered lesser sanctions because Johnson’s counsel asked the trial court, in the event it found sanctions warranted, to impose solely financial sanctions. Maj. Op. ¶ 18. “Lesser sanctions include ‘fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.’ ” Cox v. Cox, 976 So.2d 869, 876 (Miss. 2008) (quoting Am. Tel. and Tel. Co., 720 So.2d at 181-82)). In Cox, we held that
The fact that lesser sanctions were argued before the chancellor, that the chancellor considered all arguments pri- or to dismissal, and that the chancellor denied [the plaintiff’s] motion for reconsideration, in which [the plaintiff] argued that lesser sanctions had not been considered, is sufficient to show that lesser sanctions were considered and rejected.
Cox, 976 So.2d at 876. This Court continued that “consideration of lesser sanctions cannot be presumed, but there should be some indication in the record that lesser sanctions were considered.” Id. n.10 (emphasis in original). •
¶ 37. It is not clear from the transcript or from the chancery court’s judgment of dismissal with prejudice that lesser sanctions were considered by the court. Johnson’s lawyer did explain to the chancellor at the hearing on January 6, 2016, that his client’s business obligations prevented his attendance at the December 2015 deposition, but that Johnson would be available for deposition in February 2016. He asked that “if sanctions are imposed they should be financial sanctions to compensate the opposing party but still have his day in court here.” I decline, however, to presume that the trial court considered lesser sanctions merely because one of the lawyers suggested a financial sanction as an alternative to dismissal. While that statement by counsel does establish that lesser sanctions were proposed, not a shred of evidence exists that the trial court considered that proposal.
¶38.1 would reverse the judgment of the Chancery Court of DeSoto County and remand the case for consideration of whether lesser sanctions are warranted.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.

. Henderson avers in the "Motion for Sanctions," that the trial court gave "direction to give at least thirty (30) days advanced notice so Petitioner could make necessary travel arrangements.” This was not memorialized in the Court’s order denying the motion to quash/motion for a protective order.

. That notice of deposition informed Johnson that he would be deposed on October 22, 2015, in Southaven, Mississippi.